IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR PAYNE,<br>    Petitioner, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 14-CV-2198 |
| TABB BICKELL, *et al.*,<br>    Respondents. | :<br>:<br>: |

**MEMORANDUM**

**ROBRENO, J.**                                                                 **May 5th, 2022**

    Petitioner Omar Payne, a prisoner in state custody serving an aggregate term of life plus seven years imprisonment,[1] has filed a counseled Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b) ("Motion"). (ECF No. 49.) Payne seeks to reopen the judgment dismissing his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Because the Motion must be deemed to be an unauthorized second or successive habeas petition over which this Court lacks jurisdiction, the Motion is dismissed.

**I.    BACKGROUND**

    The procedural history and factual background of Payne's conviction are fully set forth in the Report and Recommendation prepared by Magistrate Judge M. Faith Angell. (ECF No. 15.) Accordingly, the Court outlines only the information necessary to place the instant Motion in context.

    Following the denial of a counseled amended petition for post-conviction relief filed pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541,

---

[1] The publicly available docket reflects that following a jury trial in the Philadelphia Court of Common Pleas, Payne was convicted of first-degree murder for the shooting of Norman Lott White, carrying a firearm without a license, and possession of an instrument of crime. *Commonwealth v. Payne*, No. CP-51-CR-6394-2007 (C.P. Phila.).

Payne filed a § 2254 petition asserting six ineffective assistance of counsel claims and that the verdict was against the weight and sufficiency of the evidence. (ECF No. 1 at 5-6.)[2]

Magistrate Judge Angell recommended that the § 2254 petition be denied and dismissed without an evidentiary hearing. (ECF No. 15 at 23.) Judge Angell identified the claims Payne raised in state court as a challenge to the weight and sufficiency of the evidence presented on direct appeal and six ineffective assistance of counsel claims presented on PCRA review. (*Id.* at 16.) She recommended that Payne had failed to exhaust his evidentiary challenges in state court, that the claims were procedurally defaulted, and that Payne had not identified any basis for excusing the default. (*Id.* at 18.). However, she also analyzed the claims on the merits. She noted that habeas relief is not available where a petitioner claims that his conviction was against the weight of the evidence. (*Id.* at 18 n.17.) As to the sufficiency claims, she found "that the Superior Court's rejection of [Payne's] challenge to the sufficiency of evidence under Pennsylvania law is consistent with federal law and is objectively reasonable under existing Supreme Court precedent." (*Id.*)

Judge Angell identified six ineffective assistance of counsel claims raised by Payne in his PCRA petition and on appeal from the dismissal of his PCRA petition.[3] She found that Payne

---

[2] The Court adopts the pagination assigned by the CM/ECF docketing system.

[3] Judge Angell identified the following ineffective assistance claims:

> (1) failing to renew a request for a mistrial and/or request a contemporaneous curative instruction regarding inflammatory statements offered by Tyree Humphrey; (2) failing to raise at trial a claim that the court violated Mr. Payne's constitutional rights by accepting the prosecutor's unsworn attestation as fact that she did not fail to disclose to the defense, pursuant to *Brady v. Maryland*, the inflammatory statements by Tyree Humphrey; (3) failing to raise at trial and/or request a contemporaneous curative instruction that the court violated Mr. Payne's constitutional rights by failing to grant a mistrial when an audience member prejudicially shouted a comment related to Mr. Payne's credibility in front of the jury; (4) improperly advising Mr. Payne not to testify at trial; (5)

had exhausted his state court remedies with respect to these claims and concluded that in rejecting Payne's claims, "the Superior Court did not apply a rule of law that contradicts the United States Supreme Court's holding in *Strickland*, and its decision on PCRA appeal was not contrary to established Supreme Court precedent." (*Id.* at 20.) Moreover, she determined that, under the deferential standard of review required by *Strickland v. Washington*, 455 U.S. 668 (1984), it was reasonable for the Superior Court to have concluded that Payne's reliance on boilerplate allegations of prejudice did not satisfy his burden to establish the prejudice prong of *Strickland*. (*Id.* at 21-22.) Because the absence of prejudice defeats an ineffective assistance of counsel claim, Judge Angel concluded that the Superior Court's rejection of Payne's claims was reasonable. (*Id.* at 22.) Having addressed the merits of each of Payne's claims, Judge Angell recommended denial of the petition and dismissal without an evidentiary hearing. (*Id.* at 23.)

On April 26, 2016, the Court overruled Payne's Objections, adopted the Report and Recommendation, and dismissed the habeas petition on its merits. (*See* Memorandum and Order, ECF Nos. 33, 34.) With respect to Judge Angell's recommendation regarding Payne's sufficiency claim in particular, the Court noted that Payne had not objected to that finding in his Objections and adopted her recommendation accordingly. (ECF No. 33 at 12 n.3.) Payne requested a certificate of appealability from the United States Court of Appeals for the Third Circuit, but that request was denied on August 29, 2018. (ECF No. 41.) On December 11, 2018, Payne filed a *pro se* Motion pursuant to Rule 60(b). (ECF No. 44.) The Motion was denied on

---

failing to object to the admission of knowingly false and inconsistent testimony from Tyrone Kegler, and (6) failing to request a specific charge on mistaken belief voluntary manslaughter.

(ECF No. 15 at 19-20.)

June 27, 2019, because Payne did not "demonstrate[] any defect in the federal habeas proceedings or any other reason to grant the requested relief." (ECF No. 45 at 2.)

In his current Motion, Payne again seeks relief pursuant to Rule 60(b). He claims that the Court committed a procedural error when it did not construe his habeas petition as raising a claim of actual innocence based on his assertion that the shooting was in self-defense. (Mot. at 11.) Payne further claims that having failed to recognize the actual innocence claim, the Court "gave no consideration to the evidence tending to show actual innocence because the shooting was in self-defense." (Mot. at 14.) Payne asserts that the analysis of a gateway claim of actual innocence required the Court to reweigh evidence, while consideration of a sufficiency of the evidence claim requires the habeas court to take the facts in the light most favorable to the government as the verdict winner. (*Id.* at 13.)

As to the ineffective assistance of counsel claims, Payne argues that both the state court and the Court failed to "consider the totality of the evidence supporting the claims of ineffective assistance of counsel." (*Id.* at 19.) Payne references his claim that counsel was ineffective for failing to pursue a motion for mistrial based on the testimony of a witness who testified at trial that Payne, on the day of the shooting, said to the decedent, "Nigger, remember me." (Mot. at 20.) He asserts that the statement provided proof of motive and premeditation, which were otherwise missing from the trial. (*Id.*) The Court rejected this claim on the merits, finding the Superior Court's rejection of the claim consistent with *Strickland*. (ECF No. 33 at 22-23.) Payne does not identify any errors related to the denial of any of the other ineffective assistance claims he raised in his habeas petition.[4]

---

[4] Payne also faults the state courts for having failed to address his (unidentified) federal claims on the merits, and having ignored the (again unidentified) claims for no reason. (Mot. at 15.) He does not further develop this argument and it does not bear on the analysis of whether the habeas claims actually presented here were determined on the merits in this Court.

## II. STANDARDS

### A. Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made: either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision. Fed. R. Civ. P. 60(c).

### B. Second or Successive Habeas Petitions

Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b) Motion is actually an unauthorized second or successive habeas petition. That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (*per curiam*). Importantly,

AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals divests district courts of jurisdiction over habeas applications that are second or successive. *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007). A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion. Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner seeking habeas relief.[5] It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the

---

[5] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

statutes, entitled to habeas relief." *Id.* (footnote omitted).  Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim.  *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court.  *Id.* at 532 and n.4.

### III.  DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(2), a federal court lacks jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion.  Therefore, the threshold question before the Court is whether Payne's Rule 60(b) motion is a true Rule 60(b) motion, or, in reality, a successive habeas petition.

The answer to this question is clear.  Payne is raising a new, previously unasserted habeas claim.  He claims the Court failed to consider an actual innocence claim that it should have inferred was included in Payne's habeas petition.  He claims that, had this been done, and the Court considered all of the evidence, the decision on his habeas claims would have been different.  This argument is flawed.  Payne did not include an actual innocence claim in his habeas petition.  (*See* ECF No. 1.)  He cites no legal precedent requiring a Court to consider a claim that was not presented.  Even if the Court had considered an actual innocence claim and found the claim meritorious, a finding of actual innocence provides a ground for excusing procedural default and no more.  *McQuiggan v. Perkins*, 569 U.S. 383, 392 (2013).  While Judge Angell recommended to the Court that Payne's sufficiency claim be dismissed on procedural grounds, the claim was also also analyzed on its merits, and she recommended that the claim

lacked merit.  (*See* ECF No. 15 at 18 n.17.)  Payne failed to object to this treatment of the claim by Judge Angell, and the Court adopted the recommendation.  (ECF 33 at 12 n.3.)  Finally, all of Payne's ineffective assistance claims were determined on their merits.  (*Id.* at 22-23.)

Because Payne is not attempting to raise a procedural defect in the manner in which his habeas petition was adjudicated, but rather is presenting a new habeas and is attacking the Court's merits determination of his habeas petition, the Motion must be construed as an unauthorized second or successive habeas petition.  Because he has not received authorization from the Court of Appeals to file another federal habeas petition in order to attack that judgment of sentence, this Court lacks jurisdiction to consider his claims.

An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability follows.